**MADUEGBUNA COOPER LLP**
**30 Wall Street, 8th Floor, New York, NY 10005**
**(212) 232 - 0155**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CYNTHIA HILL, GAIL WILLIAMS, DENISE INMAN, VICKIE GORDON, ROLANDO LOPEZ, TAURA PATE, ELLEN ENNIS, and ANDREA HOLLY individually and on behalf of a class of all others similarly situated,

            Plaintiffs,

-against-

THE CITY OF NEW YORK, MICHAEL R. BLOOMBERG, as Mayor of the City of New York, RAYMOND KELLY, as Police Commissioner, RICHARD F. NAPOLITANO, CHARLES P. DOWD, MICHAEL V. POLITO, LJUBOMIR BELUSIC, DONALD CHURCH, DAVID LICHTENSTEIN, LOCAL 1549, DISTRICT COUNCIL 37, AFSCME, AFL-CIO; and JOHN and JANE DOES 1-20 (said names being fictitious, the person intended being those who aided and abetted the unlawful conduct of the named Defendants),

            Defendants.

------------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT**

13-CV-6147 (PKC) (JO)

    This Stipulation of Settlement (the "Stipulation" or "Agreement") is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among Cynthia Hill, Gail Williams, Denise Inman, Vickie Gordon, Rolando Lopez, Taura Pate, Ellen Ennis, and Andrea Holly ("Named Plaintiffs"), and the members of the certified classes in the above-captioned action ("Class Members") (collectively "Plaintiffs"), and the City of New York ("City"), and the New York City Police Department ("NYPD") (collectively "City Defendants"), and Local 1549, District Council 37, AFSCME, AFL-CIO ("Defendant Local 1549").

**WHEREAS**, on November 6, 2013, the above-captioned action of *Hill, et al. v. New York City, et al.*, Civil Action No. 13 CV 06147 (PKC)(JO), a putative class action, was filed in the United States District Court for the Eastern District of New York (the "Action");

**WHEREAS**, the Amended Complaint in the Action, filed on April 17, 2014 (the "Complaint") alleged that Defendants had violated 42 U.S.C. § 1983 ("§ 1983"), 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law ("SHRL"), N.Y. Exec. Law § 290, *et seq.*, the New York City Human Rights Law ("CHRL"), N.Y. City Admin. Code § 8-101, *et seq.*, The Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the New York State Public Employees' Fair Employment Act of 1967, the New York Civil Service Law § 200, *et seq.* (the "Taylor Law"), the New York City Collective Bargaining Law, and New York Labor Law § 162;

**WHEREAS**, by Order dated September 28, 2015, the Court certified two classes for liability and injunctive relief: (1) a Section 1981 Racial Discrimination Rule 23(b)(2) Class ("Section 1981 Class") consisting of "All minority individuals who are currently employed, or have been employed within three years preceding the filing of this action, by the City of New York as Police Communications Technicians ("PCTs") or Supervising Police Communications Technicians ("SPCTs") in the NYPD Communications Section"; and (2) a Family Medical Leave Act Rule 23(b)(2) Class ("FMLA Class") consisting of "All minority individuals who are currently working in the civil service titles of PCT and SPCT in the NYPD Communications Section who are eligible for FMLA leave";

**WHEREAS**, by Orders dated April 29 and May 15, 2019, the Court redefined and recertified the Section 1981 Class and FMLA Class as two Section 1981 Classes; the first, a Rule 23(b)(2) class for purposes of injunctive relief consisting of all individuals who are currently

- 3 -

employed by the City of New York as PCTs or SPCTs in the NYPD Communications Division, and the second, a Rule 23(b)(3) class for purposes of monetary relief, consisting of all individuals who are currently employed, or have been employed between November 6, 2010 and October 23, 2018, by the City of New York as PCTs or SPCTs in the NYPD Communications section;

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**WHEREAS**, counsel for Plaintiffs and Defendants have engaged in good-faith discussions regarding the possibility of settling the Action and have reached an agreement concerning the proposed settlement of the Action as set forth below; and,

**WHEREAS**, Plaintiffs' Counsel, having made a thorough investigation of the facts, believe that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Section 1981 Classes.

**NOW, THEREFORE**, without any admission or concession by Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in their defenses whatsoever by Defendants,

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties to this Stipulation of Settlement, through their respective attorneys, subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that all Claims as against all Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1. For the purposes of the Stipulation of Settlement, the terms listed below shall have the following definitions:

   a. "City Defendants' Counsel" means the Corporation Counsel of the City of New York.

   b. "Defendants' Counsel" means the City Defendants' Counsel and Local 1549 Defendant's Counsel.

   c. "Effective Date" means the date set by the Court in accordance with the approval process of this Stipulation of Settlement, as defined more fully in paragraph "17."

   d. "FMLA" means the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

   e. "Local 1549" means Local 1549, District Council 37, AFSCME, AFL-CIO.

   f. "Local 1549 Defendant's Counsel" means the law firm of Cohen, Weiss and Simon, LLP.

   g. Minimal or Isolated Violation: A violation of paragraph "4" of this Stipulation and Order of Settlement shall be considered minimal or isolated if fewer than five (5) PCTs or SPCTs have been affected by Defendants' claimed violation on any single occasion and such violation occurs fewer than three (3) times within any six (6) month period. Pursuant to paragraph "10", *infra*, plaintiffs shall timely bring to defendants' attention any claimed violations as they occur.

h. "NYPD" means the New York City Police Department.

i. "PCT" means the civilian civil service title of Police Communications Technician.

j. "Plaintiffs' Counsel" means the law firm of Maduegbuna Cooper, LLP.

k. "Released Parties" means any and all of the Defendants and the legal representatives, agents, heirs, successors in interest, employees, officers, affiliates, subsidiaries, parents, former officers, agents, employees, or assigns of the Defendants.

l. "Section 1981 Class Members" means "All individuals who were employed by the City of New York as PCTs or SPCTs in the NYPD Communications Section at any time between November 6, 2010 and October 23, 2018."

m. "Settled Claims" means any and all claims (i) that have been asserted in the Action by the Named Plaintiffs, Class Members that did not exercise their opt-out rights pursuant to Rule 23(b)(3), or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Named Plaintiffs, Class Members that did not exercise their opt-out rights pursuant to Rule 23(b)(3), or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and/or Amended Complaint and/or

proposed Second Amended Complaint, except that "Settled Claims" does not include claims to enforce the Stipulation of Settlement or any provision thereof.

n. "Settlement" means the settlement contemplated by the Stipulation of Settlement.

o. "Settlement Notice" means the Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, sent to members of the Section 1981 Classes substantially in the form attached hereto as Exhibit "A."

p. "SPCT" means the civilian civil service title of Supervising Police Communications Technician.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation of Settlement shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties.

3. Upon the Effective Date of the Settlement of Stipulation, the Plaintiffs, on behalf of (i) themselves, and (ii) their past or present legal representatives shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claim against any of the Released Parties.

## EQUITABLE RELIEF

4. This Agreement does not affect any rights, remedies, duties, and obligations under the collective bargaining agreements ("CBA") between the City and District Council 37, AFSCME, the Personnel Rules and Regulations of the City of New York, the NYPD Patrol

- 6 -

Guide and the NYPD Administrative Guide, including but not limited to the rights of PCTs and SPCTs regarding sick leave, discipline, and mandatory overtime.

5.  In settlement of this Action, it is stipulated and agreed, except as otherwise inconsistent with law and agreements, that the City Defendants shall:

   a. Continue its current FMLA notice policy, which is the same as the NYPD's notice requirements for taking sick leave, absent unusual circumstances specific to the employee.

   b. Continue its current policy and practice of deducting only the number of hours requested and used for intermittent or non-intermittent FMLA leave.

   c. Continue to require recertification for intermittent FMLA leave in compliance with 29 C.F.R. § 825.308.

   d. Continue to allow PCTs and SPCTs to use intermittent FMLA leave during mandatory overtime tours.

   e. Allow PCTs and SPCTs, when the approximate timing of the need for FMLA leave is not foreseeable, to provide notice as soon as practicable under the facts and circumstances of each particular case.

   f. Pursuant to the November 28, 2018 Stipulation of Settlement entered into by the City of New York, the Police Department of the City of New York, and District Council 37, Local 1549, resolving grievances docketed with the Office of Collective Bargaining as A-138211 and A-14534-13, and as set forth in the Arbitrator's Award in A-11823-06,

        the NYPD (a) cannot deny its employees the right to request sick leave, and (b) retains the right to deny sick leave once requested.

   g. Continue to comply with the FMLA, including its anti-retaliation provisions and agree to continue not using the taking of FMLA leave as a negative factor in employment actions, including hiring, promotions, or disciplinary actions.

6. In settlement of this Action, it is stipulated and agreed, except as otherwise inconsistent with law and agreements, Defendant Local 1549 shall:

   a. Participate, together with Plaintiffs within 90 days following the Effective Date, in the formation and operation of a Labor Management Advisory Committee ("LMAC") that shall meet to discuss issues regarding the employment conditions of PCTs and SPCTs. The LMAC shall be comprised of four members, as follows: (i) two active employee Local 1549 members, consisting of PCTs and/or SPCTs, appointed by Plaintiffs; (ii) one member appointed by Local 1549; and (iii) one member appointed by District Council 37, AFSCME, AFL-CIO. The LMAC should meet approximately every six (6) months for a total of five (5) meetings during this agreement's thirty (30) month duration. The LMAC shall meet once during the six-month period following its formation. The LMAC shall appoint a secretary to keep written minutes of its meetings and share those minutes with PCTs and/or SPCTs.

    b. Make best efforts, for the duration of this Agreement, to have a Local 1549 representative present at every PCT/SPCT chapter meeting, and available incident to such meetings to hear from members on issues regarding their employment conditions.

    c. Post on the website of Local 1549, for the duration of this Agreement, (i) notice to members of any group grievance filed by Local 1549 regarding sick leave cancellation by NYPD affecting PCTs and/or SPCTs; and, as soon as practicable thereafter, (ii) a copy of each such filed grievance.

    d. Post on the website of Local 1549 for the duration of this Agreement, basic information in FAQ format regarding the NY Civil Services Law Section 72 process. Local 1549 reserves the right to update, supplement, or otherwise amend such posted information.

7. The parties agree that, notwithstanding any other provision of this Stipulation, any claimed CBA violation may be enforced only through the CBA's grievance procedures.

## **MONETARY RELIEF**

8. In connection with the settlement of the above-captioned action, Defendant City shall issue payment of $1,000.00 to each of the eight Named Plaintiffs who executes and returns to City Defendants' Counsel a general release and an affidavit of liens. With the exception of the eight Named Plaintiffs, Defendant City shall issue payment in the amount of $200.00 to each individual who, as of October 23, 2018, or in the three years preceding the filing of this action, was employed by the City of New York as a PCT or an SPCT and who executes and returns to counsel for City Defendants a general release and an affidavit concerning liens annexed hereto as

Exhibit "B." Payment shall be made to each Plaintiff within ninety (90) days of receipt of his or her general release.

9. In connection with the settlement of the above-captioned action, Defendant Local 1549 shall issue payment of $32,000.00 to an escrow account set up and maintained by Local 1549 Defendant's Counsel. Local 1549 Defendant's Counsel shall pay the $32,000.00 balance in that account to class members and/or named plaintiffs, as directed in writing by Plaintiffs' Counsel, within *ninety (90) days* from the Effective Date of this Stipulation of Settlement. With the exception of the eight Named Plaintiffs, Defendant Local 1549 shall also issue payment of $5.00 to each individual who, as of October 23, 2018, or in the three years preceding the filing of this action, was employed by the City of New York as a PCT or an SPCT and who executes and returns to counsel for Defendant Local 1549 a general release, annexed hereto as Exhibit "C." Payment shall be made to each Plaintiff within ninety (90) days of receipt of his or her general release.

10. Defendant City shall pay the sum of $500,000.00 in legal fees and costs by delivering a check for this amount made payable to Maduegbuna Cooper LLP to its offices located at 30 Wall Street, 8th Floor, New York, New York 10005 within *ninety (90) days* from the Effective Date of this Stipulation of Settlement. Plaintiffs and City Defendants agree that this amount in legal fees and costs is fair and reasonable.

11. Defendant Local 1549 shall pay the sum of $7,000.00 by delivering a check for this amount made payable to Maduegbuna Cooper LLP to its offices located at 30 Wall Street, 8th Floor, New York, New York 10005 within *ninety (90) days* from the Effective Date of this Stipulation of Settlement. Plaintiffs and Defendant Local 1549 agree that this amount in legal fees and costs is fair and reasonable.

**ENFORCEMENT**

12. In the event of a motion by Plaintiffs for enforcement or contempt based upon any Defendants' alleged non-compliance with the Stipulation and Order of Settlement, Defendants shall be considered to be in compliance with the provisions of this Stipulation and Order of Settlement unless Plaintiffs establish that Defendants' failures or omissions to comply with the provisions of this Stipulation and Order of Settlement were not minimal or isolated, but were sufficiently significant and widespread or reoccurring as to be systemic.

13. During the thirty (30) months following the Effective Date, if Plaintiffs' Counsel believes that Defendants have failed to comply with Paragraph "4" through "6" above, including all subparts, of this Stipulation and Order of Settlement, Plaintiffs' Counsel shall timely notify Defendants' Counsel in writing of the nature and specifics of the alleged failure to comply, and provide copies of all documents on which he or she is relying, at least thirty (30) days before any motion is made for enforcement of this Stipulation and Order of Settlement or for contempt. Unless otherwise resolved, the parties' counsel shall meet within the thirty (30) day period following notice to Defendants' Counsel in an attempt to arrive at a resolution of the alleged failure to comply.

14. If no resolution is reached within thirty (30) days from the date of notice, and the parties cannot agree on the nature of the violation (*i.e.*, widespread or isolated), Plaintiffs' Counsel may move this Court for an order enforcing the provisions of this Stipulation and Order of Settlement and/or for contempt. Plaintiffs shall bear the burden of proving the alleged noncompliance is sufficiently significant and widespread or recurring as to be systemic. Non-systemic individual and isolated violations of this Stipulation and Order of Settlement shall not form the basis for a finding that Defendants have acted in contempt of this Stipulation and Order

of Settlement, or as a basis for a motion for enforcement. Plaintiffs' Counsel is entitled to make a fee application for any attorney's fees incurred and costs expended in moving this Court for an order enforcing the provisions of this Stipulation and Order of Settlement and/or for contempt. Such fees and costs may be awarded only against a party found to be in violation of his Stipulation and Order of Settlement.

15. No motion for contempt or enforcement shall be brought to remedy those violations that the parties agree (a) have been cured, or (b) will be cured pursuant to a plan agreed upon by the parties, provided that the plan actually cures those violations. In the event that the parties agree to a plan to cure an alleged violation and Plaintiffs believe that the violation has still not been cured, Plaintiffs must provide at least thirty (30) days' notice before any motion is made for enforcement of this Stipulation and Order of Settlement or for contempt.

## JURISDICTION

16. The provisions of this Stipulation and Order of Settlement shall not take effect unless and until the Court "so orders" this Stipulation and Order of Settlement, at which time it shall become effective. Defendants' obligations under this Stipulation and Order of Settlement shall run from the Effective Date until the jurisdiction of the Court lapses.

17. As of the Effective Date, all remedies sought in the Complaint are limited to the provisions of this Stipulation and Order of Settlement.

18. All claims that were asserted in the Complaint and the Amended Complaint, and/or that arose out of the facts which gave rise to the claims raised in the Complaint and Amended Complaint are dismissed with prejudice.

19. The jurisdiction of this Court shall end at the conclusion of thirty (30) months following the Effective Date. At the time of termination of jurisdiction, all rights and claims arising under the provisions of this Stipulation and Order of Settlement shall terminate.

## **EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

20. The "Effective Date" of the Settlement shall be the date when all the following have occurred:

   a. Approval by the Court of the Settlement, following notice to the Section 1981 Classes and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

   b. Entry by the Court of the Order and Final Judgment, substantially in the form as set forth in Exhibit "D" annexed hereto, or, in the event that the Court enters an order and final judgment in a form other than the Order and Final Judgment ("Alternative Judgment") and none of the parties hereto elect to terminate the Settlement, the date of entry of such Alternative Judgment; and,

   c. Thirty (30) days have passed since final entry of judgment by the Court or issuance of a mandate from the Court of Appeals for the Second Circuit following any appeals.

21. Defendants' or Plaintiffs' Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other parties hereto within thirty (30) days of: (i) the Court's declining to enter the Order for Notice and Hearing in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; or (iii) the Court's declining to enter the Order and Final Judgment in any

material respect; or (iv) following modification or vacatur of this Stipulation and Order after appeal.

22. Except as otherwise provided herein, in the event the Settlement is terminated, reversed, or fails to become effective for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective positions in the Action immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

23. Defendants shall bear the costs of mailing the settlement notice to Plaintiffs.

24. Defendants agree not to oppose Plaintiffs' Motion for Preliminary Approval of Settlement.

## MISCELLANEOUS PROVISIONS

25. Nothing in this Agreement is an admission of liability by the City of New York, the NYPD, or Local 1549. Nor shall it have precedential value with respect to any obligation of the City of New York, the NYPD, or Local 1549. This Agreement shall not be admissible in, nor is it related to, any other litigation, arbitration proceeding, administrative proceeding, or settlement negotiation, except with regard to an action to enforce the terms of the Agreement. Nothing herein shall be deemed evidence of a policy or practice of the City of New York, the NYPD, or Local 1549. Nothing in the Agreement shall be deemed evidence of any wrongful act or omission of the City of New York, the NYPD, or Local 1549. This Agreement shall not be cited to or relied upon in any proceeding except for a proceeding to enforce its terms.

- 15 -

26. This Agreement contains all the terms agreed to by the parties. It can only be changed by subsequent written agreement of the parties or by order of the Court.

Dated: June __, 2019
        New York, New York

**MADUEGBUNA COOPER, LLP**
*Attorneys for Plaintiffs*
30 Wall Street, 8th floor
New York, New York 10005
(212) 232-0155

By: _____
   Samuel O. Maduegbuna

**ZACHARY W. CARTER**
Corporation Counsel of the
   City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 356-2461

By: _____
   Donna A. Canfield
   Assistant Corporation Counsel

**COHEN WEISS AND SIMON, LLP**
*Attorneys for Local 1549 Defendant*
900 Third Avenue, Suite 2100
New York, New York 10022
(212) 356-0214

By: _____
   Hanan B. Kolko

**SO ORDERED:**

Dated: June__, 2019

_____
PAMELA K. CHEN
United States District Judge